UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER BIGGERS,<br><br>Defendant. | 2:10-CR-003 JCM (PAL)<br>2:10-CR-039 JCM (PAL) |

**ORDER**

This case is the latest in which the government seeks to have the court order a personal money judgment in lieu of forfeiture against the defendant Christopher Biggers. The forfeiture statutes provide that the court can order the defendant to forfeit items of property in his possession that resulted from his criminal activity. The government has completely failed to introduce any evidence of property that the defendant obtained with illegal proceeds.

Instead, the government has argued in all these cases that the court is *required* to enter a personal money judgment against the defendant, sometimes for tens or hundreds of thousands or even millions of dollars. Significantly, the government has been unable to find this "requirement" in any statute or case.

The forfeiture statutes require the court to enter an appropriate order for forfeiture of (1) specific property involved in or traceable to the offense committed by the defendant, 18 U.S.C. §982, or (2) specific property constituting or derived from any proceeds the defendant obtained from his crime or used in any way to facilitate the commission of his crime, 21 U.S.C. §853. Obviously these statutes are designed to prevent the defendant from retaining property that is the result of his criminal

**James C. Mahan**
**U.S. District Judge**

1  activities.

2  However, neither statute refers to, or directs this court to enter, a personal money judgment
3  against the defendant in lieu of a judgment forfeiting specific property.  The government has failed
4  to cite to any statute providing that in the event the defendant has spent all the proceeds gained from
5  his criminal activity, the court must enter a personal money judgment against that defendant.

6  In the past the government has claimed that this court is required to enter the proposed
7  personal money judgment by the dictates of 21 U.S.C. §853(p).  That statute provides that if this
8  defendant, by act or omission, causes the fruits of his crime or the instrumentalities used in his crime,
9  to be concealed, transferred to a third party, placed beyond the jurisdiction of the court, substantially
10 diminished in value or commingled with other property, the court may order the forfeiture of
11 substitute property belonging to the defendant up to the value of the concealed property.

12 Here, the government has failed to produce any evidence to satisfy the requirements of this
13 section.  Rather than make any showing to trigger this statute, the prosecution relies on the language
14 of the plea agreement, but the plea agreement is not binding on the court.

15 Finally, the government has claimed that Criminal Rule 32.2 supports entering a personal
16 money judgment.  However, that rule provides no independent basis for the judgment sought, but
17 instead relies upon the applicable statutes.  The advisory committee notes to subdivision (b)(1)
18 provide, "A number of cases have approved use of money judgment forfeitures.  The Committee
19 takes no position on the correctness of those rulings."

20 Ordering a personal money judgment under the circumstances of this case, where the
21 government has failed to prove that the defendant concealed or transferred property, is nothing more
22 than additional punishment for a crime.  Indeed, the Supreme Court has recognized that forfeiture
23 is an aspect of the sentence, rather than an element of the underlying offense, *Libretti v. United*
24 *States*, 516 U.S. 29, at 39, 116 S.Ct. 356, at 363, and accordingly it constitutes additional punishment.
25 *Id.* 516 at 45, 116 at 365,  Of course punishment is a matter for the district judge, who has wide
26 discretion in setting the penalty for criminal violations.  *See United States v. Gutierrez-Silva*, 353
27 F.3d 819 (9th Cir. 2003).  The district court must consider any recommendation as to sentence from
28

**James C. Mahan**
**U.S. District Judge**

1   the government but is not required to accept it. *United States v. Pelayo-Bautista,* 907 F.2d 99, at 102
2   (9th Cir. 1990).   Further, the court may, but is not obligated to, accept the terms of the plea
3   agreement as to punishment, particularly when that agreement is not accompanied by a stipulation
4   of facts supporting forfeiture, or when the district judge for other reasons finds the agreement
5   problematic. *Libretti* 516 at 45, 116 at 365. Furthermore, any forfeiture is subject to the Excessive
6   Fines Clause of the Eighth Amendment. *Id.*

7   This judgment would be valid for 20 years and brings to mind the novel, *Les Misérables*,
8   where Javier chases Jean Valjean throughout France for the crime of stealing a loaf of bread.  This
9   defendant is not a millionaire.  In the course of ordinary events, he would be paying on this judgment
10  for the rest of his life.

11  Furthermore, such a judgment is counter-productive in that instead of encouraging
12  rehabilitation, it would discourage rehabilitation.  A defendant will find that after release from
13  custody, he still has a personal money judgment hanging over his head.  The court is required to
14  impose a sentence that is sufficient, but not greater than necessary to provide just punishment.  See
15  18 U.S.C. §3553.

16  The personal money judgment proposed by the government is not a forfeiture of specific
17  property but is rather additional punishment, which means it is subject to the court's discretion.  The
18  court declines to exercise its discretion to impose a personal judgment here.

19  DATED April 21, 2011.

             _____
             **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**